IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMPARO A. GASCA | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. _____ |
| | § | |
| **GLACIAL ENERGY HOLDINGS** | § | |
| | § | |
| **Defendant** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Amparo A. Gasca ("Gasca") files this Original Complaint, and would respectfully show the Court the following:

**I.     Parties**

1. Plaintiff is an individual residing in Harris County, Texas. Defendant Glacial Energy Holdings ("Glacial") is a company conducting business at all relevant times in Houston, Harris County, Texas, and Kingwood, Texas, and can be served with Citation through its registered agent for process:

**II.     Jurisdiction and Venue**

2. This Court has subject matter jurisdiction in this case pursuant to 28. U.S.C. §1331 (federal question) since Plaintiff is bringing this claim under Title VII, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The Court has personal jurisdiction over Defendant since it has an office and conducts business in the Southern District of Texas. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 42 U.S.C. § 2000e-5(f)(3) since Defendant committed the unlawful employment practices in Texas and a Title VII case can be brought in any judicial district in Texas.

### III.   Facts

3. While Ms. Gasca was employed as Chief Operating Officer at Glacial, she subjected to sexual

harassment repeatedly, which eventually required that she leave her lucrative role at the company. In

August 2007, Glacial's Chief Executive Officer, Gary Mole ("Mole") instructed Ms. Gasca to organize a

dinner with her team members from the Houston office.  The dinner meeting was held at Americas

Restaurant, 1800 Post Oak Boulevard, Houston, Texas 77046. The Glacial employees who attended the

meeting were Mole and his wife Julie Cannon, Manjusha Despande (IT department), Oscar Fowjen (IT

Director) ("Fowjen") and his wife, Manuel Gasca (pricing analyst) and his wife, Stan Smith (Vice President

Forecasting), Melinda Scott (analyst), and Ms. Gasca.

4. By the end of the dinner Mole was completely inebriated.  He advanced toward Fowjen,

attempting to kiss him. Mole's wife pleaded for him to stop his behavior. Mole stated that he wanted to

see if Fowjen was more of a man than himself and instructed Fowjen to pull down his pants.  Fowjen

refused to do so. Mole then pulled down his own pants, exhibiting himself to everyone present.  While

Mole exposed himself, he made more lewd comments in the presence of Ms. Gasca and other Glacial

employees.  Ms. Gasca and Ms. Despande fled the dinner.

5. In October 2007, Mole had a meeting with all of Glacial's sales directors in the Houston office

for Ms. Gasca to train them regarding products, pricing, and Glacial's system. The training seminar was

to last three days. Mole again required Ms. Gasca to organize a dinner meeting with the sales directors

and Ms. Gasca's staff for the night of their arrival at Damian's Restaurant in Houston. Petrified that Mole

would repeat his previous debacle, Ms. Gasca asked Justin Kaplan (Vice President Sales) ("Kaplan") at

the restaurant to see whether he thought it would be safe for her to attend the dinner. Ms. Gasca inquired

as to Mole's state of sobriety and behavior. Kaplan informed Ms. Gasca that her presence was required,

regardless. After finishing her meal, Mole was drunk and out of control again. One of her employees was an African-American man and at some point Ms. Gasca and Stan Smith heard Mole call the African-American man a nigger. She believes that the man subsequently left Glacial, stating that he had a better job opportunity. Mole's unwelcome behavior was offensive, harrassive, and hostile toward Ms. Gasca and others.

6. After various employees in the company informed Ms. Gasca of other similar incidents, Ms. Gasca told Mole that she could not tolerate his treatment and was forced to leave the company. He hired Diann Henderson as her replacement. Under duress, Ms. Gasca agreed to train her before leaving the company. However, after just three weeks of training, Mole fired Ms. Henderson following an extremely heated argument. Mole told Ms. Gasca: "Welcome back to your job as COO." Ms. Gasca feared for her welfare.

7. Ms. Gasca told Mole that she did not want to be employed at Glacial. However, she reluctantly agreed to provide training to two individuals in a remote location in a small town outside of Boston before leaving the company. On Wednesday, December 12, 2007, Ms. Gasca arrived in Sandwich, Massachusetts, at approximately nine p.m. At or about three-thirty a.m., she received a call from the hotel desk clerk informing her that an inebriated Mole demanded access to her room. The desk clerk refused to provide him with her room number. Mole then called Ms. Gasca on the telephone from the front desk and demanded that Ms. Gasca let him into her room immediately. As a result of Mole's previous sexually explicit and offensive behavior toward her, his drunken and belligerent manner, and the inappropriate hour of the telephone call, Ms. Gasca realistically feared that Mole wanted to gain access to her room to attempt to convince her to have sexual intercourse with him. She refused to provide him her room information.

8. On December 13, 2007, while still in Massachusetts, Mole's inappropriate and unwelcome

advances continued. At a business meeting in the hotel restaurant with Mole and Fowjin, Ms. Gasca temporary left the meeting to use the restroom. She left her cell phone at the table in the presence of Mole and Fowjin when she went to use the restroom. Upon returning from the restroom, Ms. Gasca discovered that Mole and Fowjin were using Ms. Gasca's personal cell phone without her prior knowledge and without her authorization to leave sexually explicit and demeaning voicemail messages to one of her male friends. After she told them to stop, Mole and Fowjin left additional sexually explicit voicemails on Ms. Gasca's friend's voicemail, further humiliating Ms. Gasca.

9. The incidents that took place on December 12-13, 2007, were the proverbial "last straw" in the course of Ms. Gasca's painful job with Glacial. She has been subjected to repeated lewd, sexual, and highly inappropriate behavior by Mole throughout her employment. Ms. Gasca was subjected to unwelcome offensive conduct and language of a sexually explicit nature that was sufficiently severe and pervasive that it created an offensive and hostile working environment. This resulted in her leaving her financially lucrative employment with Glacial. Mole's unwelcome conduct and behavior of a sexual nature toward Ms. Gasca constituted in sexual harassment.

**IV.    Procedural Requisities**

10. Plaintiff filed a sworn charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 15, 2008 and was issued a right to sue letter on December 31, 2008.

**V.    Plaintiff's First Cause of Action - Title VII**

11. Defendant violated Title VII, 42 U.S.C. § 2000e *et seq.* ("Title VII") by creating an offensive and hostile working environment forcing Plaintiff to leave her employment.

**VI.    Actual Damages**

12. As a proximate result of the actions and inactions of Defendant, Plaintiff has suffered the

following damages: (1) lost wages and benefits in the past; (2) lost wages and benefits in the future; (3) emotional distress and mental anguish in the past and future; and (5) attorney's fees and court costs.

## VII.   Punitive Damages

13. Defendant created an offensive and hostile working environment through sexual discrimination with malice or with reckless indifference to Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages under Title VII.

## VIII.   Prayer

14. WHEREFORE, Plaintiff prays that summons be issued to Defendant and upon final trial thereof, Plaintiff be awarded all of her actual damages, punitive damages, costs, attorneys' fees, and be given all further relief to which she is justly entitled.

### PLAINTIFF'S JURY DEMAND

Plaintiff respectfully demands trial by jury.

Respectfully submitted,

**NEWMAN & ASSOCIATES**

By:   *Deborah Newman*

Deborah A. Newman
State Bar No. 01237527
One Greenway Plaza, Suite 520
Houston, Texas 77046
Telephone: (713) 715-4930
Facsimile:  (713) 715-4938

**ATTORNEY FOR PLAINTIFF**

OF COUNSEL:

NEWMAN & ASSOCIATES
Anjali A. Parikh
State Bar No. 24046581