IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTION DIVISION

United States Courts
Southern District of Texas
FILED
JUN 1 6 2009
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| AMPARO A. GASCA | § | |
| Plaintiff, | § § § | |
| vs. | § § | Civil Action Number 4:09-CV-00951 |
| GLACIAL ENERGY HOLDINGS, | § § § | |
| Defendant. | § § | |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Defendant, GLACIAL ENERGY HOLDINGS hereinafter "Glacial" by and through its undersigned attorneys hereby files its Answer to Plaintiff's Original Complaint and in support thereof respectfully submits the following:

1. Glacial is without knowledge or information sufficient to form a belief or to the truth or accuracy of first sentence in paragraph 1. Accordingly, those allegations are denied. Glacial denies the remainder of the allegations Paragraph 1 of the Complaint.

2. Glacial denies the allegations set forth in Paragraph 2 of the Complaint.

3. Glacial denies the allegations set forth set forth in Paragraph 3 of the Complaint;

4. Glacial denies the allegations set forth in Paragraph 4 of the Complaint.

5. Glacial denies the allegations set forth in Paragraph 5 of the Complaint.

6. Glacial denies the allegations set forth in Paragraph 6 of the Complaint.

7. Glacial denies the allegations set forth in Paragraph 7 of the Complaint.

8. Glacial denies the allegations set forth in Paragraph 8 of the Complaint.

9. Glacial denies the allegations set forth in Paragraph 9 of the Complaint.

10. Glacial is without information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 10 of the Complaint; accordingly those allegations are denied.

11. Glacial denies the allegations set forth in Paragraph 11 of the Complaint.

12. Glacial denies the allegations set forth in Paragraph 12 of the Complaint.

13. Glacial denies the allegations set forth in Paragraph 13 of the Complaint.

14. With respect to the Prayer of the Complaint, Glacial denies that the Plaintiff is entitled to the relief requested therein as to Defendant.

## II.
## AFFIRMATIVE DEFENSES

15. Glacial pleads, if necessary, and pleading in the alternative, that Plaintiff voluntarily resigned from her employment and is not entitled to the relief or damages requested.

16. Glacial pleads, if necessary, and pleading in the alternative, that Plaintiff fails to state a claim or cause of action upon which relief can be granted.

17. Glacial pleads, if necessary, and pleading in the alternative, that Plaintiff must mitigate any and all alleged damages and that Glacial is entitled to an offset for any amount which could have been earned by Plaintiff.

18. Glacial pleads, if necessary, and pleading in the alternative, that Plaintiff's claims are barred, or her recovery should be offset, by the after-acquired evidence doctrine, if applicable.

19. Glacial pleads, if necessary, and pleading in the alternative, that Plaintiff's claims for compensatory and punitive damages and other relief are subject to all applicable statutory

caps and limitations.

20. Glacial pleads, if necessary, and pleading in the alternative, that it is not liable for conduct of employees where such conduct was outside the course and scope of the employees' employment.

21. Glacial pleads, if necessary, and pleading in the alternative, that Plaintiff's claims are barred by the applicable statute of limitations.

22. Glacial pleads, if necessary, and pleading in the alternative, that Plaintiff's claims are barred by Plaintiff's failure to comply with applicable procedural and administrative prerequisites including timely charge filing requirements and the exhaustion of all administrative remedies.

23. Glacial pleads, if necessary, and pleading in the alternative, that it exercised reasonable care to prevent and correct promptly any harassing behavior and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities.

24. Glacial pleads, if necessary, and pleading in the alternative, in the unlikely event that any lost wages and benefits, pecuniary damages, or other monetary relief granted, the amount of the award should be reduced by all amounts of income earned by Plaintiff as a result of her subsequent employment.

25. Glacial pleads, if necessary, and pleading in the alternative, that Plaintiff actively and/or voluntarily participated in the events she complains.

**WHEREFORE**, Defendant prays that judgment be entered in its favor, that Plaintiff take nothing, and that Defendant be awarded is attorney's fees, costs, and such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**ERIC D. FEIN, P.C. & ASSOCIATES**

By: _____
    Eric D. Fein
    State Bar No. 06879020
    **Vickie S. Brandt**
    State Bar No. 24031878
3500 Oak Lawn Avenue, Suite 510
Dallas, Texas 75219
Telephone: (214) 522-9596
Facsimile: (214) 522-9599

**KAPLAN & ASSOCIATES, LLP**

By: _____
    Charles T. Kaplan
    State Bar No. 11094300
3500 Oak Lawn Avenue, Suite 510
Dallas, Texas 75219
Phone: (214) 522-4900
Fax: (214) 602-6732

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was forwarded via Certified Mail, Return Receipt Requested, First Class Mail, Postage Prepaid, Facsimile, and/or Hand Delivery to attorney for Plaintiff on the 15th day of June 2009.

NEWMAN & ASSOCIATES
Deborah A. Newman
Anjali A. Parikh
One Greenway Plaza, Suite 520
Houston, TX 77046
(713) 715-4938 - Facsimile
***Attorneys for Plaintiff***

_____
Eric D. Fein