# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTION DIVISION

United States Courts
Southern District of Texas
FILED

JUN 1 6 2009

Michael N. Milby, Clerk of Court

| | |
|---|---|
| AMPARO A. GASCA | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| | § |
| GLACIAL ENERGY HOLDINGS, | § |
| | § |
| Defendant. | § |
| | § |

Civil Action Number 4:09-CV-00951

---

## GLACIAL ENERGY HOLDINGS BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULES 12(b)(6)

---

Respectfully submitted,

**ERIC D. FEIN, P.C. & ASSOCIATES**

By:

**Eric D. Fein**
State Bar No. 06879020
**Vickie S. Brandt**
State Bar No.  24031878
3500 Oak Lawn Avenue, Suite 510
Dallas, Texas 75219
Telephone: (214) 522-9596
Facsimile:  (214) 522-9599

**KAPLAN & ASSOCIATES, LLP**

By:

Charles I. Kaplan
State Bar No. 11094300
3500 Oak Lawn Avenue, Suite 510
Dallas, Texas 75219
Phone: (214) 522-9596
Fax: (214) 602-6732

*ATTORNEYS FOR DEFENDANTS*

---

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was forwarded via Certified Mail, Return Receipt Requested, First Class Mail, Postage Prepaid, Facsimile, and/or Hand Delivery to attorney for Plaintiff on the 15 day of June 2009.

NEWMAN & ASSOCIATES
Deborah A. Newman
Anjali A. Parikh
One Greenway Plaza, Suite 520
Houston, TX 77046
(713) 715-4938 - Facsimile

*Attorneys for Plaintiff*

Eric D. Pein

# I.

## INTRODUCTION

Gasca claims against Glacial are for discrimination in violation of Title VII arising out of an allegedly two or three instances that occurred in 2007. Gasca appears to allege that she was subjected to a hostile-work environment as a result of events at a dinner attended by executives, wives and certain personnel that was employed by a subsidiary of Glacial which she states she left, a telephone call when Gasca refused to provide the room number of the hotel she was staying and alleged offensive voicemail messages made to a male friend of Gasca.

# II.
## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a Plaintiff's claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12 (b)(6). In deciding a Defendant's motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded facts as true and views them in the light most favorable to the Plaintiff. *Brady v. Allied Pilots Ass'n*, 2003 U.S. Dist. LEXIS 22875, at *2 n.1 (N.D. Tex. 2003)(citing *Capital Parks, Inc. vs. Southeastern Adver. & Sales Sys., Inc.*, 30F.3d 627, 629 (5th Cir. 1994)).

To avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not conclusory allegations. *Id.* The court "will thus not accept as true conclusory allegations or unwarranted deductions of fact." (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss under Rule 12 (b)(6). *See Ergonomic Lighting Syst., Inc. v. Commercial Petroleum Equipment/USALCO*, 2003 U.S. Dist. LEXIS 19118, at *8 (W.D. Tex. Oct. 21, 2003)(citing *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278 (5th Cir. 1993)). If a complaint omits facts concerning pivotal elements of a Plaintiff's

claim, a court is justified in assuming the non-existence of those facts. *See Ergonomic Lighting Syst., Inc.* 2003 U.S. Dist. LEXIS 19118, at *8-9 (citing *Ledesma v. Dillard Dep't Stores, Inc.,* 818 F. Supp. 983 (N.D. Tex. 1993)).

## III.
## LEGAL AUTHORITY AND ARGUMENT

### A.    "Hostile-Work-Environment"

Hostile-work-environment harassment occurs if the plaintiff experiences severe or pervasive harassment that creats a hostile-work environment. *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 67, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986); *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 270-271, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001). Whether a workplace is sufficiently hostile or abusive by considering all of the surrounding circumstances, <u>including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating (or a mere offensive utterance), and whether it unreasonably interferes with an employee's work performance.</u> *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21-22, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993).

### B.    Hostile Standard Requires More Than Haranguing

Plaintiff must show that the conduct complained of was severe *or* pervasive. [ *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 2005 U.S. App. LEXIS 27268, ** 9-10 (5th Cir. [Tex.] 2005) ]. If a case is a hostile-work-environment case, the inquiry must focuses on whether the alleged harassment was sufficiently severe or pervasive to alter the terms and conditions of the employee's employment. <u>Deciding this question requires considering all of the surrounding circumstances, including the frequency of the discriminatory conduct, its severity, whether it was physically threatening or humiliating</u> (e.g., more than a mere offensive utterance), and whether it unreasonably interfered with the employee's work performance. *Harris v. Forklift*

*Systems, Inc.*, 510 U.S. 17, 21-22, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993); see, e.g., *Casiano v. AT&T Corp.*, 213 F.3d 278, 285 (5th Cir. [Tex.] 2000). Five instances of sexually harassing conduct and comments over two-year period, though boorish, immature, and vulgar, and unbefitting of supervisor, were not sufficiently severe or pervasive to create sexually hostile work environment). W*alker v. SBC Servs., Inc.*, 375 F.Supp.2d 524, 539-540 (N.D. Tex. 2005). The events laid out in the Plaintiff's complaint are not persuasive and not all of which were direct to Plaintiff. The events appear to be isolated instances and fail to use to rise to the level of a hostile-work environment.

### C.    Plaintiff was not an Employee of Defendant

As stated in the affidavit of Charles I. Kaplan, Plaintiff was not an employee of Defendant Glacial Energy Holdings. In order for an employer to be liable for the conduct a supervisor, the complaining party must be an employee of the employer. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998).

## IV.
## CONCLUSION

For the reasons stated above, Gasca failed to state a claim for violations of her civil rights under Title VII, 42 U.S.C. 2000 *et. seq.* request that this Court dismiss these claims by Gasca in Plaintiff's Original Complaint with prejudice and grant Glacial such other relief to which it is entitled.